UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA

VS.                                                                                          CASE NO: 2:15-cr-118-FtM-38MRM

FREDDIE VASQUEZ, JR.

### **ORDER**[1]

This matter comes before the Court on Defendant Freddie Vasquez's Motion to Suppress (Doc. #17) filed on November 2, 2015.  The Government filed a Response to Defendant's Motion to Suppress (Doc. #19) on November 10, 2015.  A hearing was held before the undersigned on December 15, 2015.  (Doc. #25).  Defendant was present and represented by Russell K. Rosenthal, Assistant Federal Public Defender.  The Government was represented by Robert P. Barclift, Assistant United States Attorney.  The Government called one witness – Officer Kevin Aley of the Cape Coral Police Department ("CCPD").  Defendant did not call any witnesses.  The issues raised in Defendant's Motion to Suppress are now ripe for review.

### **BACKGROUND**

The Court derives the facts from the testimony and exhibits presented at the evidentiary hearing.  They are undisputed unless otherwise noted.

---

[1] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or websites. These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees. By allowing hyperlinks to other websites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their websites. Likewise, the Court has no agreements with any of these third parties or their websites. The Court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

On July 22, 2015, at approximately 3:00 a.m., Officer Aley was patrolling in Cape Coral, Florida when he spotted Defendant riding a bicycle without the required lights (white on the front and red on the rear). Defendant was wearing a black t-shirt and black pants and carrying a red draw-stringed backpack. Without activating his emergency lights, Officer Aley stopped Defendant near the intersection of SE 9th Place and SE 12th Lane. Officer Aley explained the reason for the stop and asked Defendant for identification. Defendant did not have formal identification but gave his name and date of birth. Defendant said he was in route to his job at SP Design, a custom embroiderer and screen printer business, where he was meeting a co-worker to catch up on work.

Officer Aley contacted the CCPD Teletype to run Defendant's name for outstanding warrants. Defendant interrupted that process, asking if he could leave his bicycle. Officer Aley said that he could walk it but asked him to "hold on a second." Officer Aley then inquired about the contents of Defendant's backpack. Defendant lowered the backpack to the ground, stated Officer Aley could examine it if he wanted, and explained that there were "wrenches and stuff" inside.

Officer Aley reinitiated contact with Teletype and provided Defendant's name, date of birth, sex, and ethnicity. While waiting for a response, Defendant offered that he was going to work early because he had upcoming travel plans. Officer Aley then asked about the wrenches. Defendant responded that he and his co-coworker, who was actually the "warehouse guy," needed the wrenches to open a broken garage door.

Within a minute or so, Teletype contacted Officer Aley to advise that Defendant had no warrants but was a habitual traffic offender and had priors for drug use. Upon receiving this information, Officer Aley warned Defendant about riding without lights and

2

told him that he was "good to go[.]"  A few second later, however, Officer Aley asked Defendant if he had anything illegal in the backpack.  Defendant replied, "no you can check it if you want" and handed the backpack to Officer Aley.  Officer Aley found a wrench, hacksaw, and flat-headed screwdriver.  Defendant explained why the hacksaw was needed and reiterated his need to get to work.

Per his training, Officer Aley then asked if Defendant had anything in his pockets.  Defendant responded only his cell phone.  Officer Aley followed that by asking, "[y]ou wanna turn them inside out for me?"  Defendant reached into his right pocket and removed a cell phone.  Officer Aley again asked Defendant if he would turn his pockets inside out.  Defendant began reaching into his left pocket but "bladed" his body away from Officer Aley.  Officer Aley asked Defendant to turn his body towards him so he could see what Defendant was pulling out of his left pocket.  He walked around Defendant to his left side and observed the magazine of a handgun on Defendant.  Defendant admitted that he had his brother's registered, unloaded gun.  Officer Aley handcuffed Defendant and removed the handgun, which was a Jiminez Arms 9 mm (serial number 331914).  Officer Aley advised Defendant of his *Miranda* rights and arrested him.

The body camera that Officer Aley wore captured the entire encounter.  At the evidentiary hearing, the Court watched said video, as well as listened to an enhanced audio recording and read the corresponding transcript. (Gov. Exs. 1-3).  Approximately seven minutes elapsed between Officer Aley initiating the stop and discovering the firearm.

## DISCUSSION

Based on the testimony and the parties' arguments at the evidentiary hearing, the sole issue before the Court is whether Defendant voluntarily consented to the search of his pants pockets, which occurred after Officer Aley stated he was "good to go."

The Fourth Amendment protects against unreasonable searches and seizures. U.S. Const. Amend. IV. In general, a search of a person is unreasonable if it is not authorized by a warrant. It is a well-settled exception to the warrant requirement that an individual may waive his Fourth Amendment rights by giving voluntary and intelligent consent to a warrantless search of his person. Whether a defendant voluntarily consents to a search is determined by the totality of the circumstances. *See United States v. Blake, 888 F.2d 795, 798 (11th Cir.1989).* Relevant factors to determine voluntariness, none of which are alone dispositive, include: (1) the voluntariness of defendant's custodial status; (2) the presence of coercive police procedure; (3) the extent and level of defendant's cooperation with police; (4) defendant's awareness of his right to refuse to consent to the search; (5) defendant's education and intelligence; and (6) defendant's belief that no incriminating evidence will be found. *See id.*

As noted, the constitutionality of the initial traffic stop is not at issue. Defendant raises no Fourth Amendment argument about his detention or Officer Aley's conduct up to the point in which he stated that Defendant was "good to go." Instead, the crux of the instant motion concerns whether Defendant consented to a search of his pants pockets. However, the Court need not delve far into this issue because the Government conceded that Defendant did not voluntarily consent to the search of his pockets. Because of its patent concession, Defendant's motion is dispositive in his favor.

In the face of its concession, the Government turns to *Rodriguez v. United States*, 135 S.Ct. 1609 (2015).  In *Rodriguez*, the Supreme Court held that prolonging a traffic stop for seven minutes beyond the time required to address the traffic violation in order to perform a drug dog sniff violated the Fourth Amendment's shield against unreasonable seizures when the officers lacked reasonable suspicion or consent to prolong the seizure.  The Government argues that Officer Aley had reasonable suspicion to continue Defendant's detention after the traffic stop concluded because Defendant demonstrated suspicious behavior that could warrant an objectively reasonable officer to believe that Defendant might be involved in other criminal activity.  The Court is unpersuaded in light of Officer Aley's testimony.  Specifically, he testified that his only justification for searching Defendant's backpack and person after the traffic stop concluded was a consent search.  He further testified that he had neither concern nor suspicion that Defendant was armed with a weapon.  He also recognized the lack of any grounds to arrest Defendant.

In conclusion, because the Government concedes that Defendant did not voluntarily consent to Officer Aley searching his pants pockets, and because Officer Aley testified to no other justification for searching Defendant's person other than an ungrounded consent, the Court grants the motion to suppress.

Accordingly, it is now **ORDERED:**

Defendant Freddie Vasquez's Motion to Suppress (Doc. #17) is **GRANTED**.

**DONE AND ORDERED** in Fort Myers, Florida, this 17th day of December, 2015.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:  All Parties of Record